## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHARMON PASCHAL THORNTON**<br>1101 S. Arlington Ridge Road<br>Arlington, VA 22202,<br><br>Plaintiff,<br><br>v.<br><br>**HOWARD UNIVERSITY,**<br>2400 Sixth Street, NW<br>Washington, D.C. 20059,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination Based on Age)

### INTRODUCTION

1.      Plaintiff Sharmon Paschal Thornton brings this civil action against her former employer, Howard University (Howard) because after she had successfully created the Congressional Liaison and Internship Program Director position for the U.S. Department of State Charles B. Rangel International Affairs Graduate Fellowship Program and Undergraduate Summer Enrichment Program, and worked full time for 18 years administering the program on behalf of Howard University, her position was terminated at which time Howard University indicated that it was reconstituting Ms. Thornton's contract employee position as a full time Howard University employee position.  Although Howard did not inform Ms. Thornton when it advertised the newly-created position, which had the same duties that Ms. Thornton had performed in an exemplary manner for 18 years, she nevertheless found out about the advertisement and applied for the new position.  Despite Ms. Thornton's exemplary

performance, Howard University refused to select her for the position and hired a lesser-qualified and much younger employee. Ms. Thornton therefore claims that Howard University violated the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.11(a)(1)  and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. when it terminated her employment and when it refused to hire her for the new position because of her age.

## JURISDICTION

2.     This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a, as well as the Court's pendent jurisdiction over Plaintiff's claims under the District of Columbia Human Rights Act, D.C. Code  §§ 2-1402.01, *et seq.,* which are inextricably intertwined with the facts and circumstances giving rise to her federal claims.  28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     Plaintiff has, to the extent possible,  exhausted all available administrative remedies on her claims that, because of her age, Howard University terminated her employment and then refused to rehire her when she applied for her newly constituted position with the same duties she had performed for 18 years, on December 6, 2018 by filing charges of discrimination with the United States Equal Opportunity Commission (EEOC No. 570-2019-00589), which were cross-filed with the District of Columbia Office of Human Rights (OHR #12792); (2) having received a Dismissal and Notice of Rights from the EEOC dated October 18, 2019, and bringing this action within 90 days of her receipt of the Notice of Right to Sue.

## PARTIES

4.      Sharmon Paschal Thornton is a citizen of the United States and the Commonwealth of Virginia.  She acted both directly and indirectly on behalf of Howard University in support of Howard University's administration of the U.S. Department of State Charles B. Rangel International Affairs Graduate Fellowship Program and Undergraduate Summer Enrichment Program from November 1, 2001, until September 30, 2018.

5.      Defendant Howard University is an institution of higher education located in the District of Columbia and chartered by an act of the Thirty-Ninth Congress of the United States in 1867. Howard University is a private, federally chartered historically black university in Washington, D.C.

## STATEMENT OF FACTS

6.      Plaintiff, Sharmon Paschal Thornton, was born on October 3, 1950. She was educated at the Central State University, Wilberforce, Ohio where she received a Bachelor of Science Degree. She was awarded a Masters of Arts Degree from the Horace H . Rackham School of Graduate Studies, University of Michigan, Ann Arbor, Michigan.

7.      Plaintiff was employed by the Department of Defense from 1980 until 2001. At the time of her departure from the Department of Defense, she was a member of the Senior Executive Service in the Office of the Secretary of the Air Force.

8.      During her employment with the Department of Defense, Ms. Thornton received numerous awards and special recognitions including the Secretary of Defense Award for Excellence and Meritorious Service, the Secretary of Defense Annual Award & Bonus, the Office of the Secretary of Defense Award for Excellence, the Secretary of the Air Force Civilian Meritorious Service Medal, and multiple Sustained Superior Service and Special Act Awards.

9.      Plaintiff's initial involvement with the Rangel Program began in February 1998 while she served as a Senior Brookings Institution Legislative Fellow, on loan from her permanent position with the Office of the Deputy Assistant Secretary of Defense. During her two-year fellowship she came into contact with the Office of Congressman Rangel, Program Founder, and helped to develop the Congressman's vision and create the framework to establish the U.S. Department of State Charles B. Rangel International Affairs Graduate Fellowship and Undergraduate International Affairs Programs. Congressman Rangel, Program Founder credits Ms. Thornton as being essential to securing funding to establish and sustain these student programs, stating that he is proud to call her a de-facto-co-founder.

10.     Ms. Thornton's work on behalf of Howard University began on November 1, 2001. From that date until October 31, 2018, she worked full time in support of Howard University's administration of the U.S. Department of State Charles B. Rangel International Affairs Graduate Fellowship Program and Undergraduate Summer Enrichment Program.

11.     Ms. Thornton was supervised by Ms. Patricia Scroggs, Howard University's Program Director the State Department-Rangel Program Director, who worked in the Howard University Ralph J. Bunche International Affairs Center. While Ms. Thornton did all that she could to assist her, Ms. Scroggs manifested a disdain for Plaintiff based on her age. Various examples can be specified including but not limited to:

- raising her voice/hanging-up abruptly during telephone calls with Ms. Thornton;
- not inviting Ms. Thornton to key program meetings associated with her role as Congressional Liaison and Internship Placement Director;
- reassigning key portions of her responsibilities to a younger, less qualified worker that she supervised;

-4-

- calling meetings that Ms Thornton had successfully conducted for many years on Capitol Hill requesting that Ms. Thornton not bring necessary handouts and then furnishing handouts that were inaccurate and illegible;

- hosting a work-related Rangel Fellows end of Congressional Internship Farewell Event in her home and walking away from the door without a word, when she saw that Ms. Thornton had arrived at the door.

12.     Ms. Scroggs micro-managed Ms. Thornton by sending hundreds of e-mails to Ms. Thornton requiring specific Quota's and Timetables for the placement of Rangel Fellows in Democratic and Republican offices for 11-week Congressional Internships.

13.     Ms. Scroggs also required Ms. Thornton to report to her weekly accomplishments. Ms. Scroggs overbearing management of Ms. Thornton prompted the Howard University Provost's Senior Advisor Ambassador Larry Palmer, who was copied on multiple messages to comment to Ms. Thornton, "She is obviously trying to provoke you ... answer her questions and continue to do what you are doing..."

14.     In addition, Ms. Scroggs repeatedly held-up the Ms. Thornton's monthly pay by interfering with and requiring changes to her monthly invoices despite the fact that Ms. Thornton had after submitted detailed and accurate descriptions of her work. As a result, Congressman Elijah Cummings personally intervened with Howard University President Wayne A.I. Frederick because Ms. Thornton had not been paid from July until October 2018.

15.     Ms. Scroggs repeatedly badgered Ms. Thornton about what Congressman Rangel did during the period 1994 until his 2017 retirement to increase Republican participation in the Rangel Congressional Internship Program while requiring documentation to describe actions by both the congressman and Ms. Thornton.

16.     Although Ms. Thornton was never informed that her performance was less than satisfactory, through a combination of actions, Ms. Scroggs harassment of Ms. Thornton was calculated to let Ms. Thornton know that she was no longer welcome and driver her from her employment by Howard University.

17.     In addition to Ms. Thornton, Howard University terminated a number of other older black employees and replaced with much younger employees long-term Deputy Director Dr. Harold A. Scott, Jr. (2014); Budget Financial Manager Dr. Grealy Marshall (2015); Deputy Director Mr. Julius Johnson (2016); with others abruptly departing including Budget Financial Manager Darryl Stephens (2018); Study Abroad Director Ms. Betty J. Aikens (2014/15), Patricia Robert Harris Public Affairs Program Director Ms. Carolyn M. King (2014/15); Program Assistant Mr. James R. McDowell (2015).

19.     When Ms. Thornton chose not to quit, Howard University sought to terminate her employment by abolishing her position, advertising a newly created position with same substantial duties, with no offering of priority placement as is often the case in dealing with a long-term incumbent, and not telling Ms. Thornton the position she was occupying was being advertised.

20.     Ms. Thornton's employment was terminated by Howard University on October 31, 2018, after she had been informed in the Summer of 2018 that Howard University had abolished her full-time position and created a new Howard University full-time position to carry-out the duties and responsibilities that she was currently performing.

21.     The advertised position description for the new position mirrored the duties Ms. Thornton had performed successfully for approximately 18 years.  At the time Howard

University sought applicants for the position, Howard University EEO Policy the university's
policy statement did not include Age Discrimination as a policy enforced by Howard University.
Rather, the careers page website stated:

> **"Equal Employment Opportunity** The University does not discriminate on the
> basis of race, color, national and ethnic origin, sex, marital status, religion, or
> disability.  Veteran status and people with disabilities are encouraged to apply.
> Inquiries regarding provisions for persons with disabilities, equal employment
> opportunity and Title IX should be directed to the Office of Employee Relations
> and Equal employment Opportunity at (202) 202-806-1316."

As the announcement contained no mention of non-discrimination based on age, it discouraged
older employees such as Ms. Thornton from applying for employment at Howard University.

22.     In addition, Ms. Thornton was not informed that there was recruitment
advertisement for the Congressional Liaison and Internship Program Director position that she
then held.

23.     Notwithstanding the fact that she had not been informed of the recruitment
advertisement, Ms. Thornton found out about the newly created position/announcement and
applied for the position.

24.     On October 22, 2018, Ms. Thornton was informed that she had not been selected
for the new Howard University-Rangel Program position. She later found out that in spite of her
superior qualifications and specialized experience in having established long-term relationships
working with Congressional members and staff, placing students in congressional internships in

House, Senate offices and committees, a younger, lesser-qualified inexperienced person in these core areas had been selected instead of her.

25.     Ms. Scroggs, who was the Hiring Manager and selecting official,  provided the following explanation to Ms. Thornton: "While we greatly value your contribution as consultant, the nature of the position has changed to include more administrative work in the office and will benefit from strong experience with different types of software and technical skills in creating and utilizing databases..."

26.     While this statement implies that, possibly because of her age, the Ms. Thornton lacked "software and technical skills," in fact, Ms. Thornton had routinely used commonly recognized computer programs on a daily basis for more than 25 years, adapting as necessary according to technology used by the organization for which she worked.

27.     Howard University, which has a large Information Technology staff, routinely provides orientation and training for all staff when an office began using a new program.

## STATEMENT OF CLAIMS

**Count I:**     Violation of the United States Age Discrimination in Employment Act and the District of Columbia Human Rights Act by Terminating Plaintiff's Employment.

26.     Defendant Howard University violated the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.11(a)(1)  and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.,* by engaging in unlawful, age-based employment discrimination against Ms. Thornton by terminating her employment on or about October 31, 2018.

27.     As a result of this unlawful discrimination, Ms. Thornton has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such

employment, career damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

**Count II:** Violation of the United States Age Discrimination in Employment Act and the District of Columbia Human Rights Act by Refusing to Select Plaintiff for the New Howard University-Rangel Program Position.

28. Defendant Howard University violated the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.11(a)(1) and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.,* by engaging in unlawful, age-based employment discrimination against Ms. Thornton by refusing to hire her for the new Howard University-Rangel Program position.

29. As a result of this unlawful discrimination, Ms. Thornton has suffered and continues to suffer adverse consequences, including loss of pay and benefits of such employment, career damage, personal and professional embarrassment and humiliation, emotional pain and suffering, and a loss of the enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in her favor and against Defendant on all claims brought herein and provide her with the following relief:

a. award Plaintiff compensatory damages and liquidated against Defendant to the maximum extent permitted by law, plus interest thereon;

b. order Howard University to retroactively appoint Plaintiff to the new Howard University-Rangel program position effective November 1, 2018, with full benefits to which she otherwise would have been entitled;

c. award Plaintiff full back pay, with interest thereon;

d. enjoin Defendants from discriminating, retaliating against Plaintiff in the future;

e.   order Howard University to include "Age Discrimination" as part of their non-discriminatory Equal Employment Opportunity policy enforcement.

f.   award Plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees; and

g.   award Plaintiff such other and further relief as the interests of justice may require.


## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues of fact and damages.


Respectfully submitted,

Richard L. Swick
D.C. Bar No. 936930
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, D.C. 20005
Tel (202) 842-0300
Fax (202) 842-1418
rlswick@swickandshapiro.com

Attorney for Plaintiff